IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| APPLICATION OF EURASIAN § | |
| BANK JOINT STOCK COMPANY § | No. 3:15-mc-106-L-BN |
| FOR EXPEDITED JUDICIAL § | |
| ASSISTANCE PURSUANT TO § | |
| 28 U.S.C. § 1782. § | |

**MEMORANDUM OPINION AND ORDER GRANTING
EURASIAN BANK JOINT STOCK COMPANY'S APPLICATION FOR
EXPEDITED JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

Eurasian Bank Joint Stock Company ("Eurasian") has filed an *ex parte* Application for Expedited Judicial Assistance Pursuant to 28 U.S.C. § 1782, *see* Dkt. No. 1 (the "Application"), which requests leave to serve a subpoena in connection with a dispute between Eurasian and Igor Vitalievich Gekko, also known as Igor Gekko, Igor Gonsoul (Gonsul), and Igor Berkut ("Gekko") and Dallas North United Investments L.P. ("DNUI"), Finance and Investment of Texas, INC ("FININTEX"), and Finintex Rus Limited Liability Company ("Finintex Rus"), and Frizestroy Limited Liability Partnership ("Frizestroy") (collectively, the "Gekko Affiliates"). United States District Judge Sam A. Lindsay has referred the Application to the undersigned United States magistrate judge for determination. *See* Dkt. No. 2. The Court held a hearing on the *ex parte* Application on October 21, 2015, at which Eurasian's local counsel appeared. *See* Dkt. No. 5.

Having fully considered the papers on file and submitted with the Application, *see* Dkt. Nos. 1, 1-1, 1-2, & 1-3, including the Declaration of Michael J. Eggleton, the

President and Chief Executive Officer of Eurasian, and the arguments and representations of Eurasian's local counsel at the hearing, the Court GRANTS the Application [Dkt. No. 1].[1]

Eurasian's Application asserts that it is highly likely that Gekko, DNUI and FININTEX are in the possession of documents, data, and information relating to other assets or property that each or any of Gekko and the Gekko Affiliates has in the United States and elsewhere, either directly or indirectly, and that this information is critical to the foreign proceedings contemplated by Eurasian in connection with a outstanding debt owed by Gekko and Frizestroy. *See* Dkt. No. 1 at 2-5.

As a preliminary matter, the Court notes that *ex parte* filing of an application for discovery under 28 U.S.C. § 1782 is permissible. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (explaining that "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*" and that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)"); *In re Meydan Group LLC*, Civ. A. No. 15-02141 (JLL)(JAD), 2015 WL 2453757*1 n.1 (D.N.J. May 21, 2015) (noting that "ex parte applications under 28 U.S.C. § 1782 are frequently granted where the application is for the issuance of

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

subpoenas and the substantial rights of the subpoenaed person are not implicated by the application" and that, "once the subpoenas are served, Respondents will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45" (internal quotation marks omitted)); *see also El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*, 341 F. App'x 31, 32 (5th Cir. 2009) (noting that 28 U.S.C. § 1782 applications were filed *ex parte* and granted by the district courts in Texas and Delaware); *Chevron Corp. v. 3TM Consulting, LLC*, Civ. A. No. 4:10-mc-134, 2010 WL 8814519, at *1 (S.D. Tex. Apr. 5, 2010) (granting *ex parte* application for an order pursuant to 28 U.S.C. § 1782).

The Court further finds that Section 1782's statutory requirements are met. "Three statutory requirements must be satisfied before a district court may grant assistance under § 1782(a): (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015) (quoting *Tex. Keystone, Inc. v. Prime Natural Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012)).

First, Eurasian has shown that Gekko, DNUI, and FININTEX reside or may be found in the Northern District of Texas. *See* 28 U.S.C. § 1782(a).

Second, Eurasian seeks the discovery "for use in a proceeding in a foreign or international tribunal," where Eurasian has made an adequate showing that the discovery is sought in connection with contemplated foreign judicial proceedings in the

Republic of Kazakhstan that Eurasian expects and want to institute within a reasonable period of time if the discovery that it seeks reveals that such a proceeding against Gekko may be fruitful. *See Bravo*, 613 F. App'x at 322-23.

Third, under 28 U.S.C. § 1782, interested parties, such as Eurasian, may obtain discovery for use in foreign litigation from individuals or entities located within the United States, and, as a prospective litigant in the Republic of Kazakhstan, Eurasian is an "interested person" within the meaning of Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004).

The United States Court of Appeals for the Fifth Circuit has made clear that, "once an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the application seeking the authority to issue subpoenas." *Tex. Keystone*, 694 F.3d at 553 & n.2. Here, the Court finds that the discretionary factors that the United States Supreme Court set out in *Intel Corp. v. Advanced Micro Devices, Inc.*, as "bear[ing] consideration in ruling on a § 1782(a) request" on the whole weigh in favor of granting the Application. 542 U.S. at 265. Those factors include "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach' and therefore their evidence may be 'unobtainable absent § 1782(a) aid'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent

foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the § 1782(a) request is 'unduly intrusive or burdensome.'" *Bravo Express*, 613 F. App'x at 323-24 (quoting *Intel*, 542 U.S. at 264-65).

As to the first discretionary factor, the Supreme Court observed in *Intel* that, "when the person from whom discovery is sought is a participant in the foreign proceeding..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, there is not yet any foreign proceeding as to which Gekko, DNUI, or FININTEX is a participant, and Eurasian's local counsel explained that Eurasian will not institute a proceeding against Gekko unless discovery reveals there is something more than an empty guarantee by Gekko against which to proceed. Further, Eurasian's local counsel explained that, while Eurasian believes that Gekko is subject to jurisdiction in Kazakhstan, there is no evidence to suggest that DNUI or FININTEX would be. *See In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 13 Misc. 397(PGG), 2014 WL 7232262, at *6-*7 (S.D.N.Y. Dec. 10, 2014). On balance, this factor weighs in favor of granting Eurasian's Application.

As to the second discretionary factor, there is no evidence before the Court that

a tribunal or court in the Republic of Kazakhstan would not be receptive to U.S. federal-court judicial assistance. In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, which Eurasian's local counsel represented to the Court that he has been unable to find, the Court determines that the second factor does not weigh against an exercise of discretion in Eurasian's favor. *See Application of Gorsoan*, 2014 WL 7232262, at *7-*8; *In re Republic of Equador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010); *In re iManagement Servs. Ltd.*, No. 05-mc-89 (FB), 2005 WL 1959702, at *5 (E.D.N.Y. Aug. 16, 2005).

As to the third discretionary factor, Eurasian asserts that, it "is not required to request this discovery from Gekko in the Republic of Kazakhstan before filing this Application"; that it "is not pursuing parallel discovery requests, hoping that one of them will pay off"; and "the materials sought here are not already in the possession of [Eurasian], or any other Court." Dkt. No. 1 at 9-10. The Court is persuaded that, under these circumstances, Eurasian's Application does not conceal an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States and that this factor weighs in favor of granting the Application. *Accord Application of Gorsoan*, 2014 WL 7232262, at *8-*9.

As to the fourth discretionary factor, the Court, having considered the proposed discovery requested, finds that it is sufficiently narrowly tailored and is not unduly intrusive or burdensome and that Section 1782 provides an effective mechanism for obtaining this targeted discovery that Eurasian seeks. *See In re Application for an*

*Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1032-33 (N.D. Ill. 2006). And, as Eurasian's Application notes, "Gekko is not precluded from challenging the subpoena once issued as being unduly burdensome, irrelevant or overly broad." Dkt. No. 1 at 11. This factor weighs in favor of granting the Application.

Accordingly, "informed by the twin aims of the statute, which are to provide efficient means of assistance [in our federal courts] to participants in international litigation ... and to encourage foreign countries by example to provide similar means of assistance to our courts," *Bravo Express*, 613 F. App'x at 321 (internal quotation marks omitted), the Court will exercise its discretion to grant the Application.

The Court ORDERS that Eurasian Bank Joint Stock Company is authorized pursuant to 28 U.S.C. § 1782 to issue a subpoena for testimony and documents, in substantially the form attached as Exhibit B to the Application, to Igor Vitalievich Gekko, also known as Igor Gekko, Igor Gonsoul (Gonsul), and Igor Berkut; Dallas North United Investments L.P.; and Finance and Investment of Texas, INC. The Court further ORDERS that Victor D. Vital and William Robert Stewart of the firm of Barnes & Thornburg LLP, counsel to Eurasian Bank Joint Stock Company, may issue, sign, and serve such subpoenas in this matter on these respondents pursuant to Federal Rule of Civil Procedure 45. The Court further ORDERS that Hudspeth Information Management LLC of Denton, Texas – or any other certified court reporter that Eurasian's counsel retains to record the depositions – is appointed to administer any necessary oath and take the testimony or statement required to be given at such

depositions. The Court further ORDERS that the Federal Rules of Civil Procedure will apply to discovery pursuant to the Application and this order. *See Tex. Keystone*, 694 F.3d at 554 (explaining that the Federal Rules of Civil Procedure govern discovery requests once the district court grants a Section 1782 application).

SO ORDERED.

DATED: October 21, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE